Citation Nr: 1761235 
Decision Date: 12/29/17 Archive Date: 01/02/18

DOCKET NO. 17-64 419 DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Chicago, Illinois


THE ISSUE

The issue of entitlement to relief from the payment of agent fees from past-due benefits at the 20 percent rate in the calculated amount of $18, 559.70, resulting from the grant of service connection for prostate cancer.

(The issues of entitlement to service connection for hypertension, GERD, urinary disorder, headaches, nosebleeds, and short-term memory loss, are addressed in a separate decision.)

REPRESENTATION

Veteran represented by: African American PTSD Association


WITNESS AT HEARING ON APPEAL

Veteran



ATTORNEY FOR THE BOARD

Marcus J. Colicelli, Associate Counsel


INTRODUCTION


This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C. § 7107(a) (2) (West 2012).

The Veteran served on active duty from July 1962 to January 1963, from January 1964 to April 1966, and from April 1966 to April 1972, including service in the Republic of Vietnam. See DD 214 ("Vietnam Service Medal W/4 Campaign Stars").

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2014 rating decision of the U.S. Department of Veterans Affairs (VA) Regional Office (RO) in Chicago, Illinois. In that decision, the RO awarded fees from past due benefits in the amount of $18,559.70 to claims agent Betty Jones.

In August 2017, the Veteran testified before the undersigned Veterans Law Judge (VLJ) at a Travel Board Hearing. A copy of the transcript has been associated with the claims file.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.






REMAND

The Veteran asserts that his former claims agent of record, Betty Jones, is not entitled to direct payment of fees in the amount of $18,559.70. The Veteran has alternatively alleged that "based on lack of service" Ms. Jones should not be entitled to fees, or that he did not sign a valid fee agreement.

In February 2012, the Veteran submitted a VA 21-22a naming Ms. Jones as his claims agent representative. On August 23, 2013, the VA received a fee agreement from Ms. Jones, which set forth that she was to be directly paid a 20 percent contingent fee for any of the Veteran's past-due benefits awarded as a result of a successful outcome. While the fee agreement indicates that a copy must be filed with the Board "within 30 days of its execution," the document indicates that it was signed by the parties on July 27, 2012, over a year after it was received by VA.

By rating action dated in April 2014, the RO awarded the Veteran service connection for prostate cancer, resulting in a combined disability rating of 100 percent, effective as of March 31, 2009; 20 percent, effective as of July 5, 2011, and 60 percent, effective as of July 29, 2013. Pursuant to the August 2013 fee agreement, the Veteran and the Ms. Jones were both notified in April 2014 that the former claims agent was to be paid directly an amount equal to 20 percent of the past-due benefits awarded ($18,559.70). The Veteran filed multiple protests with this decision beginning in May 2014, including congressional inquiries. A statement of the case (SOC) was issued in March 2017, and the Veteran filed a VA Form 9 in May 2017. The record does not reflect that the claims agent, Betty Jones, was copied on any correspondence regarding this issue following the original April 2014 notification.

A "simultaneously contested claim" refers to the situation in which the allowance of one claim results in the disallowance of another claim involving the same benefit, or the allowance of one claim results in the payment of a lesser benefit to another claimant. 38 C.F.R. § 20.3 (p). A claim involving fees is a "contested claim" due to the possibility that VA may be required to withhold fees out of the Veteran's past due benefits. Thus, both the claims agent and the Veteran have a substantial interest in the outcome of this appeal. 

Special procedural regulations are applicable to such claims. All interested parties are to be specifically notified of the action taken by the agency of original jurisdiction in a simultaneously contested claim, and of the right and time limit for initiating appeal, as well as both hearing and representation rights. 38 C.F.R. § 19.100. After a notice of disagreement has been filed in a simultaneously contested claim, all interested parties are to be furnished with a copy of a Statement of the Case. 38 C.F.R. § 19.101. When a substantive appeal is filed in a simultaneously contested claim, the content of the Substantive Appeal will be furnished to the other contesting parties to the extent that it contains information which could directly affect the payment or potential payment of the benefit which is the subject of the contested claim. 38 C.F.R. § 19.102.

Review of the record reflects that the contested claims procedures have not been met. As noted above, no documentation following the April 2014 notification was provided to Ms. Jones, including the March 2017 SOC, the May 2017 substantive appeal, and congressional inquiries and responses. Thus, this case must be remanded to ensure that the contested claims procedures have been followed.

Accordingly, the case is REMANDED for the following actions:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. As detailed above, contested claims procedures should be followed in adjudicating this claim, to include sending claims agent Betty Jones a copy of the March 2017 SOC, the content of the May 2017 substantive appeal, congressional inquiries with responses, and all pertinent statements made by the Veteran regarding this claim. 

2. If any response containing new evidence and/or argument is received from the either party, or if new evidence and/or argument is received from either party, the agency of original jurisdiction shall provide a copy of such evidence/argument to the remaining party and then again review the record. If the benefit sought on appeal remains denied, all parties must be provided a Supplemental Statement of the Case and given the opportunity to respond thereto.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
BETHANY L. BUCK
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).